UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

IN RE:

TRACY DIANNE HELMS            Bankruptcy No.: 08-20027

    Debtor

_____

W. CLARKSON McDOW, JR.,
United States Trustee,
                                  Misc. Action No.: 2:10-mc-0135
    Plaintiff                            A.P. No.: 08-2026

v.

TRACY DIANNE HELMS

    Defendant

## MEMORANDUM OPINION AND ORDER

       The court has received the "Recommended Findings of Fact and Conclusions of Law" ("recommended findings") entered by the Honorable Ronald G. Pearson, United States Bankruptcy Judge, on November 4, 2010.

       On April 15, 2008, the United States Trustee instituted the underlying adversary proceeding with a "COMPLAINT TO DENY DISCHARGE." Noting that the action was a "core proceeding" under "28 U.S.C. §157(b)(2)(J)," the Trustee specifically requested that the bankruptcy court "deny the discharge of the Defendant . . . ." (A.P. Compl. at 2, 7).

Title 28 U.S.C. § 157(b)(1) provides in pertinent part as follows:

> Bankruptcy judges may hear and determine all cases under title 11 and <u>all core proceedings arising under title 11</u>, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, <u>subject to review under section 158 of this title</u>.

28 U.S.C. § 157(b)(1) (emphasis added). According to section 157(b)(2), "[c]ore proceedings include" both "determinations as to the dischargeability of particular debts . . . [and] objections to discharges . . . ." 28 U.S.C. § 157(b)(2)(I), (J).

The procedural device chosen here by the bankruptcy judge is typically reserved for non-core proceedings:

> A bankruptcy judge may hear a proceeding <u>that is not a core proceeding</u> but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing <u>de novo</u> those matters to which any party has timely and specifically objected.

28 U.S.C. § 157(c)(1) (emphasis added).

It appears that Congress contemplated the entry, and direct appeal, of final judgments by bankruptcy courts in core proceedings as opposed to the advisory approach contemplated by section 157(c)(1). Inasmuch as the bankruptcy court has not

2

entered final judgment in the underlying adversary proceeding, the court deems the recommended findings as interlocutory in nature and not subject to review pursuant to sections 157(b)(1) or 158. See Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991)) ("An interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment."). Upon entry of a final judgment in the adversary proceeding, any party may, of course, seek review by direct appeal if it be so desired.

It is, accordingly, ORDERED that this miscellaneous action be, and it hereby is, dismissed. The matter is recommitted to the bankruptcy court for such further proceedings as may be appropriate.

The clerk is directed to forward copies of this order to the United States Bankruptcy Judge, all counsel of record, and any unrepresented parties.

DATED: November 9, 2010

John T. Copenhaver, Jr.
United States District Judge